08 CV 5136

JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES FIDELITY & GUARANTY
INSURANCE COMPANY a/s/o S & S Cheesecake, Inc.,
and other related insureds under the policy of insurance,

                      Plaintiff,

-against-

**COMPLAINT**
**JURY TRIAL**
**DEMANDED**

JADA PIZZA CORP. d/b/a Marconi's Pizza 2,

                      Defendant.

RECEIVED JUN 04 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY a/s/o S & S Cheesecake, Inc. and other related insureds under the policy of insurance, by and through its attorneys SHEPS LAW GROUP, complaining of the defendant JADA PIZZA CORP. allege upon information and belief that at all times hereinafter mentioned:

### Nature of Action

1. This is a subrogation action by the first party property insurer, plaintiff UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY (hereinafter "U.S.F. & G."), as subrogee of S & S Cheesecake, Inc. (hereinafter "insured").

2. Travelers anticipates paying to the insured in excess of ONE HUNDRED SEVENTY FOUR THOUSAND ONE HUNDRED NINETY EIGHT DOLLARS AND NINETY EIGHT CENTS ($174,198.98) in connection with a loss sustained on February 25, 2006 due to a fire that originated at the defendant's premises, 222-224 West 238th Street, Bronx, New York.

3. Travelers may become obligated to issue additional payments to its insured in connection with this Loss.

### The Parties

4. Plaintiff, U.S.F. & G., was and is a corporation organized and existing under the laws of the State of Maryland, having its principle place of business located at 385 Washington Avenue, St. Paul, Minnesota and was, at all times material hereto, authorized to issue policies of insurance in the State of New York.

5. At all times pertinent hereto, plaintiff provided property insurance to the above-named insureds under a policy for the real and personal property that they owned, and businesses they operated/ occupied located at 222-224 West 238th Street, Bronx, New York 10463, a commercial single-story building which housed three occupancies.

6. At all times pertinent hereto, S & S Cheesecake, Inc. was a New York Corporation owned by the above named insureds with the address of 222 West 238th Street, Bronx, New York 10463.

7. Defendant, JADA PIZZA CORP. d/b/a Marconi's Pizza 2, (hereinafter "Defendant"), upon information and belief, is a New York Corporation and at all times hereinafter mentioned, leased and occupied the premises located at 224 West 238th Street, Bronx, New York 10463 and conducted business under the name of "Marconi's Pizza 2". Upon information and belief, the premises were being occupied as a pizzeria restaurant.

8. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

## The Loss

9. Upon information and belief, on February 25, 2006, a fire originated at the defendant's premises which thereafter spread and damaged the insured's premises and business causing property damage and business interruption losses.

10. Upon information and belief, defendant negligently failed to dispose of a lit cigarette and/or failed to inspect, monitor and supervise the proper disposal of employees and/or patrons' cigarettes prior to ending daily business operations.

11. Upon information and belief, due to the negligence of the defendant's activities, the fire occurred resulting in damages in an amount in excess of ONE HUNDRED SEVENTY FOUR THOUSAND ONE HUNDRED NINETY EIGHT DOLLARS AND NINETY EIGHT CENTS ($174,198.98).

12. Pursuant to the terms of terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of ONE HUNDRED SEVENTY FOUR THOUSAND ONE HUNDRED NINETY EIGHT DOLLARS AND NINETY EIGHT CENTS ($174,198.98) and is thereby legally and equitably subrogated to the claim of its insured.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT -NEGLIGENCE-

13. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 13 inclusive.

14. The occurrence referred to in paragraph 11 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligence per se, gross negligence, carelessness and negligent omissions of the defendant, its agents, servants, workmen and/or employees in:

(a) failing to make certain that no combustibles were left ignited in their premises after business hours;

(b) failing to inspect, monitor and supervise its employees and patrons' disposal of cigarettes;

(c) failure to dispose of all combustible trash to avoid possible fire ignition in the premises;

(d) failure to properly shut down the premises upon closing of the restaurant to avoid a fire hazard;

(e) failing to inspect for the hazards associated with improper disposal of combustibles;

(f) failing to maintain sufficient housekeeping and disposal of rubbish which contains combustibles that can cause a fire;

(g) failing to mitigate the risk of fire damage by installing and maintaining a central station fire alarm within the tenancy;

(h) failing to take precautions against fire by installing and maintaining a sprinkler system within the tenancy;

(i) failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(j) otherwise failing to use due care and proper skill under the circumstances.

15. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and their representatives, agents, servants and/or employees, the fire referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in ONE HUNDRED SEVENTY FOUR THOUSAND ONE HUNDRED NINETY EIGHT DOLLARS AND NINETY EIGHT CENTS ($174,198.98) which sum was reimbursed by plaintiff.

16. Defendant was in exclusive control of the area in question and is liable under a theory of *res ipsa loquitor*.

**WHEREFORE**, plaintiff, UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY, demands judgment in their favor and against the defendant, JADA PIZZA CORP., in the amount in excess of ONE HUNDRED SEVENTY FOUR THOUSAND ONE HUNDRED NINETY EIGHT DOLLARS AND NINETY EIGHT CENTS ($174,198.98)

together with interest, costs and attorney's fees.

Dated: Melville, New York
      June 2, 2008

                                Respectfully submitted,

                                SHEPS LAW GROUP, P.C.

BY: _____
      ROBERT C. SHEPS
      Attorneys for Plaintiff
      35 Pinelawn Road – Suite 106E
      Melville, New York 11747
      (631) 249-5600
      Our File No.: 6879

TO:  JADA PIZZA CORP.
       224 W. 238th Street
       Bronx, New York 10438